O 245 B (Rev. 06/05) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

VS.

CAROL A. WHARY-RICKERT

JUDGMENT IN A CRIMINAL CASE

CASE NUMBER: 4:CR-09-054
USM NUMBER: 15022-067

_G. Scott Gardner, Esquire_
Defendant's Attorney

**THE DEFENDANT:**
[X] pleaded guilty to count(s) _3 of the Indictment, filed February 12, 2009_ .
[ ] pleaded nolo contendere to count(s)_____
    which (was)(were) accepted by the court.
[ ] was found guilty on count(s)_____

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title/Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 1029(a)(2) | Fraud and related activity in connection with access devices | 2/12/2009 | 3 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ] The defendant has been found not guilty on count(s)_____.
[X] Counts _1, 2, 4, 5 and 6_ of the _Indictment, filed February 12, 2009_ are dismissed on motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence or, mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

**October 27, 2009**
Date of Imposition of Sentence

Date   October 27, 2009

_s/James F. McClure, Jr._
Hon. James F. McClure, Jr.
U.S. District Judge
Middle District of Pennsylvania

★U.S.GPO:1990-722-448/10286

DEFENDANT: CAROL A. WHARY-RICKERT
CASE NUMBER: 4:09-CR-054

# PROBATION

The defendant is hereby sentenced to probation for a term of :

Two (2) years.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

X  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) the defendant shall notify the Court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 4A — Probation
Case 4:09-cr-00054-YK   Document 38   Filed 10/27/09   Page 3 of 5

Judgment—Page 3 of 5

DEFENDANT: CAROL A. WHARY-RICKERT
CASE NUMBER: 4:09CR-054

# ADDITIONAL PROBATION TERMS

1) The defendant shall cooperate in the collection of a DNA sample as directed by the probation officer;

2) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer, unless the defendant is in compliance with the installment schedule for payment of restitution, fines or special assessment;

3) The defendant shall provide the probation officer with access to any requested financial information;

4) The defendant shall perform 50 hours of community service as approved by the probation officer; and

5) The defendant shall make restitution in minimum monthly installments of $50.00.

YOU CAN APPEAL YOUR CONVICTION TO THE UNITED STATES COURT OF APPEALS IF YOU BELIEVE THAT YOUR GUILTY PLEA WAS SOMEHOW UNLAWFUL OR INVOLUNTARY, OR IF THERE IS SOME OTHER FUNDAMENTAL DEFECT IN THE PROCEEDINGS THAT WAS NOT WAIVED BY YOUR GUILTY PLEA. YOU ALSO HAVE A STATUTORY RIGHT TO APPEAL YOUR SENTENCE UNDER CERTAIN CIRCUMSTANCES, PARTICULARLY IF YOU THINK THE SENTENCE IS CONTRARY TO LAW.

WITH FEW EXCEPTIONS, ANY NOTICE OF APPEAL MUST BE FILED WITHIN 10 DAYS OF JUDGMENT BEING ENTERED IN YOUR CASE. IF YOU ARE UNABLE TO PAY THE COSTS OF AN APPEAL YOU MAY APPLY FOR LEAVE TO APPEAL IN FORMA PAUPERIS, AND IF APPROVED, COUNSEL WILL BE APPOINTED FOR YOU AND YOU WILL NOT BE REQUIRED TO PAY ANY COSTS. IF YOU SO REQUEST, THE CLERK OF THE COURT WILL PREPARE AND FILE A NOTICE OF APPEAL ON YOUR BEHALF.

AO 245 B (Rev. 06/05) Judgment in a Criminal Case, Sheet 5 - Criminal Monetary Penalties

Defendant: CAROL A. WHARY-RICKERT  Judgment-Page 4 of 5
Case Number: 4:CR-09-054

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | $00.00 | $26,002.37 |

[ ] The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245 C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. 3664(I), all non federal victims must be paid in full prior to the United States receiving payment.

| **NAME OF PAYEE** | **TOTAL LOSS** | **RESTITUTION ORDER** | **PRIORITY OF PERCENTAGE** |
|---|---|---|---|
| **Clerk, U. S. District Court for disbursement to:** | | | |
| **HSBC Bank** | | $7,250.22 | |
| **Wells Fargo Penn Creek Structures/Penn Creek Construction** | | $6,142.00 | |
| **Chrysler Financial** | | $4,687.58 | |
| **Discover** | | $4,230.58 | |
| **GEMB-J.C. Penney** | | $2,052.00 | |
| **Citibank** | | $ 975.99 | |
| **GEMB - Lowe's** | | $ 485.00 | |
| **First Premier** | | $ 179.00 | |
| **TOTALS** | $ [Restitution] | $ 26,002.37 | 100% |

[ ] Restitution amount ordered pursuant to plea agreement $_____.

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:
    [ ] the interest requirement is waived for the   [ ] fine  [ ] restitution.
    [ ] the interest requirement for the [ ] fine [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245 B (Rev. 06/05) Judgment in a Criminal Case, Sheet 6, Part B-Financial Penalties

Defendant: CAROL A. WHARY-RICKERT                                   Judgment-Page 5 of 5
Case Number: 4:CR-09-054

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [X] Lump sum payment of $100.00 due immediately, and payable
    [ ] not later than _____ or
    [] in accordance with [ ] C, [ ] D, [ ] E [] F below; or
B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below): or

C [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or
D [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of Supervision; or
E [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or
F [X] Special instructions regarding the payment of criminal monetary penalties:

    **The special assessment of $100.00 is due immediately, and shall be paid through the Clerk of the Court. Defendant shall make restitution in the amount of $26,002.37 payable to Clerk, U. S. District Court for disbursement to: HSBC Bank ($7,250.22); Wells Fargo Penn Creek Structures/Penn Creek Construction ($6,142.00); Chrysler Financial ($4,687.58); Discover ($4,230.58); GEMB-J.C. Penney ($2,052.00); Citibank ($975.99); GEMB - Lowe's ($485.00); and First Premier ($179.00). During the term or imprisonment, restitution is payable every three months in an amount, after a telephone allowance, equal to 50 percent of the funds deposited into the defendant's inmate trust fund account. In the event the restitution is not paid in full prior to the commencement of supervised release, the defendant shall, as a condition of supervised release, satisfy the amount due in monthly installments of no less than $50.00, to commence thirty (30) days after release from confinement.**

    Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment with any balance to be paid within two years of defendant's release from custody. All criminal monetary penalty payments are to be made to the Clerk, United States District Court, Middle District of Pennsylvania, 235 North Washington Ave. and Linden Street, Room 101, Post Office Box 1148, Scranton, Pa. 18501, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.
[ ] Joint and Several
    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.